# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| MARK WALTERS § | |
| § | |
| V. § | A-17-CV-1020-LY |
| § | |
| PERDUE, BRANDON, FIELDER, § | |
| COLLINS & MOTT, LLP § | |

## ORDER

Before the Court are Plaintiff's Motion to Compel (Dkt. No. 15); Defendant's Response (Dkt. No. 17); and Plaintiff's Reply (Dkt. No. 18). The District Court referred the above-motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Court Rules.

## I. BACKGROUND

Plaintiff Mark Walters filed this action against Perdue, Brandon, Fielder, Collins, & Mott, LLC (PBFCM) bringing claims for gross negligence and violations of the Fair Debt Collection Practices Act (FDCPA) and Texas Fair Debt Collection Practices Act. Walters contends that PBFCM sent a collection notice to him for an allegedly unpaid toll, but that he disputed this debt and requested proof of the accuracy. According to Walters, PBFCM failed to respond to his dispute letter. He therefore brings claims alleging that PBFCM failed to (1) properly identify itself as a debt collector, (2) include the FDCPA's mandated language, or (3) respond to Walters' request for authentication of the debt. Walters served written discovery requests on PBFCM, some of which PBFCM objected to. Walters' motion to compel asks the Court to overrule those objections, and to compel PBFCM to produce the records requested.

## II. ANALYSIS

Walters challenges PBFCM's responses to Requests for Production 1, 3, 4, 26, and 27 in which PBFCM agrees to produce the requested documents, but only under a "mutually agreeable confidentiality order." Dkt. No. 15 at 2–3. Walters also challenges PBFCM's relevancy[1] and privacy rights objections to Requests for Production 6, 7 and 9. *Id.* at 3–4. Finally, Walters challenges PBFCM's relevancy objection to Request for Production 2. *Id.* at 4. The Court will address each below.

In the first group of requests, Walters seeks documents relating to contracts, agreements, assignments or other materials showing that PBFCM has the authority or capacity to collect unpaid tolls—in other words, the subcontract between PBFCM and its client (RFP 1); any manuals or handbooks of PBFCM's policies and procedures for collecting unpaid tolls (RFP 3) and its reinvestigation of disputed debts (RFP 4); and PBFCM's correspondence with the Texas Department of Transportation and Xerox State and Local Solutions, Inc. regarding Walters' debt (RFPs 26 & 27). For each of these requests, PBFCM has agreed to produce any responsive documents subject to an agreed confidentiality order.[2] *See* Dkt. No. 15-3. PBFCM contends that the internal, sensitive and confidential nature of these documents supports its request for a confidentiality order. Dkt. No. 17 at 4. The Court agrees. Confidentiality orders are common place in many of the cases before this Court, and the documents identified by PBFCM are of the sort that are usually produced under such

---

[1]Though Walters did not specifically address PBFCM's relevancy objection, because it is significantly intertwined with the privacy rights objection, and the Court will address it.

[2]PBFCM stated that it has already produced the subcontracts that were in effect at the time of the litigation. It offered to produce Amendment No. 2 to the subcontract subject to the confidentiality order, even though this subcontract never went into effect. PBFCM has now retracted this offer. As PBFCM has already produced all responsive documents, this request is moot.

an order. *See, e.g.*, Appendix H to the Local Rules (designating as classified information trade secrets, confidential or proprietary financial information, operational data, business plans, and "[c]orrespondence and other communications between the parties or with nonparties . . . if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public").

Moreover, Walters' argument to the contrary evidences the need for just such an order in this case. In his motion, Walters contends that he is seeking production of this information so that he can present the documents to the Texas Legislature and the media for investigation into the collection practices of the Defendant. However, this is not a valid reason to conduct discovery in private litigation. Walters contends the confidentiality order is not needed as there is no "gag order" in place in this litigation, and he is therefore permitted to bring his story to the press. However, the fact that Walters is not prohibited from speaking to the media does not mean that he may compel PBFCM to produce to him documents that are commercially sensitive with no restrictions on how he distributes them. As stated above, the documents sought are the sort that are frequently maintained as confidential during litigation. While they may be subject to production to the other party, that does not mean they are subject to dispersal to the public at large.

In the second group of requests, Walters seeks the names, addresses, and phone numbers of all consumers mailed collection notices for unpaid tolls by PBFCM (RFP No. 6); all notices or other materials sent to those consumers (RFP No. 7); and all notices of disputes that PBFCM has received in relation to its collection of unpaid tolls (RFP No. 9). In addition, Walters requests the names, addresses, and phone numbers for *all* directors, officers, agents, servants, and employees of PBFCM, regardless of their knowledge of any of the facts of the instant case (RFP No. 2). PBFCM has

objected to each of these requests on the basis of the privacy rights of the individuals in question, as well as the relevancy of the requests.

In support of his request for the information regarding other consumers' collection notices and disputes, Walter cites to a number of cases. In three of the cases, the plaintiff did not request any information about other alleged debtors. *See Boutvis v. Risk Mgmt. Alternatives, Inc.*, 2002 WL 971666 (D. Conn. May 3, 2002) (addressing requests for information regarding the *plaintiff's* debt, policy manuals, judicial complaints and opinions, and agreements with other reporting agencies); *Patrick v. PHH Mortgage Corp.*, 2014 WL 296930, at *5 (N.D. W. Va. Jan. 27, 2014) (allowing discovery of the entirety of *plaintiff's* mortgage file); *Miranda v. Integrity Solution Services, Inc.*, 2014 WL 519239 (D. Colo. Feb. 10, 2014) (allowing discovery of information provided *about the plaintiff* to the creditor and credit reporting bureaus). Even *Yancey v. Hooten*, 180 F.R.D. 203, 208 (D. Conn. 1998), though more directly on point, does not support the broad discovery requests made by Walters. In that case, the plaintiff did not request any personal information on any other debtors; instead, the plaintiff asked for demand letters from other debtors relating to the defendant's conduct in debt collection and the *number* of times a similar collection notice was sent to debtors. *Id.* at 213–14. The requests in that case did not seek the personal information of a large number of third parties, none of whom are distinctly related to this litigation.

Here, Walters has claimed that he seeks this information in order to reach out to other debtors as potential witnesses in this case. Even assuming that testimony from other debtors was admissible on the question of whether PBFCM violated the FDCPA *here*,[3] Walters is not entitled to the broad

---

[3] *See, e.g.*, *Yancey*, 180 F.R.D. at 208 ("The defendant offers no support for his interpretation of 15 U.S.C. § 1692k as referring to the debt collector's conduct toward a specific debtor, not to all debtors."). *But see Donnelly v. NCO Fin. Sys., Inc.*, 263 F.R.D. 500, 506 (N.D. Ill. 2009) ("Courts

discovery he has requested. Walters has failed to provide a single reason that this Court should compel the personal information of third parties simply so Walters can go on a fishing expedition to see if any of them were the subject of instances of noncompliance by PBFCM. Nor should Walters be able to discover the notices sent to each of the other alleged debtors, or even dispute letters sent by the consumers. There are other methods to discover this information (such as the more limited requests made in *Yancey*) that do not implicate the same privacy concerns.[4]

Finally, Walters requested the names, addresses, and phone numbers of all employees of PBFCM. Once again, he has failed to show how this could possibly be relevant to his case. PBFCM has already provided him the information for each of the people who have knowledge of the facts relevant to this case. Walters' reasoning for needing the name and address of every single person who works at PBFCM is nonsensical. First, he argues that he needs to know who each person is so he can determine how many are non-attorneys. Of course, this could have been achieved much more

---

in this jurisdiction have found that '[t]here is nothing in the clear language of the FDCPA which suggests that—in an individual action, as opposed to a class action—a court looks to the debt collector's practices regarding persons other than the plaintiff in determining the 'frequency and persistence of noncompliance.''") (citing *Cusumano v. NRB, Inc.*, 1998 WL 673833 (N.D. Ill. Sept. 23, 1998)); *Byes v. Credit Bureau Ents., Inc.*, 1995 WL 54023, at *1 (E.D. La. Sept. 11, 1995) ("There is nothing in this language that suggests to the court than an individual's additional damages may be based on anything other than the defendant's conduct toward the particular plaintiff. . . . In light of this limitation, it would be unreasonable and unduly burdensome to embark on extensive discovery related to the collection of debts other than the plaintiffs.").

[4]Walters claims that any privacy concerns are nullified by TEX. TRANSP. CODE § 372.102(a), which permits a "toll project entity" to publish a list of the names of individuals who are currently liable for payment of unpaid tolls and fees. However, PBFCM is not a "toll project entity." *See* TEX. TRANS. CODE § 372.001(2). Nor does the list publish all of the information requested by Walters, as it authorizes the toll project entity to list the name and city and state of the individual, not the person's address or telephone number. Moreover, Walters seeks the name and information on any person that has had a collection notice from PBFCM in the last four years, not merely the current list of those with outstanding toll fees.

simply and with less intrusion by merely phrasing this as an interrogatory. Second, Walters argues that he needs all of the personal information to link the training manuals and call center scripts with individuals. However, Walters simply does not need the information of every single employee, agent, servant, director, or officer. Rather, Walters could instead seek to compel information about individual employees that he believes have knowledge about his case, based on his review of those transcripts. As with the other requests, Walters has simply tried to seek information that is far too broad for the claims that he is presenting.

### III. CONCLUSION

In accordance with the foregoing discussion, the Court **DENIES** Plaintiff's Motion to Compel (Dkt. No. 15).

SIGNED this 16th day of July, 2018.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE